UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21507-CIV-WILLIAMS/MCALILEY

DUNIA MORSE, as Personal Representative
of the Estate of Elsa Gonzalez, Deceased,

    Plaintiff,

vs.

HACIENDA CARE VI, LP d/b/a
WEST GABLES HEALTH CARE CENTER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Dunia Morse, as Personal Representative of the Estate of Elsa Gonzalez, filed a Motion to Remand, which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 7, 11). Defendant Hacienda Care VI, L.P., d/b/a West Gables Health Care Center, filed a response. (ECF No. 12). Plaintiff filed a reply, and recently, a Notice of Supplemental Authority. (ECF Nos. 13, 15). Having carefully reviewed the parties' memoranda, the pertinent portions of the record and the applicable law, for the reasons explained below, I recommend that the Court grant the Motion to Remand.

**I. BACKGROUND**

Plaintiff is the personal representative of the Estate of Elsa Gonzalez. (ECF No. 1-1 at ¶ 4). Defendant is an authorized and licensed nursing home in Florida, and Ms.

Gonzalez was a resident at Defendant's facility until her death in June, 2020. (*Id*. ¶¶ 4, 5, 8). Plaintiff brought suit against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County alleging a single claim for violation of Ms. Gonzalez's rights as nursing home resident under Florida Statutes section 400.022. (*Id*. at Count I). Plaintiff alleges that Defendant engaged in the following acts and omissions which deprived Ms. Gonzalez of her statutorily mandated nursing home resident's rights:

   a. failing to properly provide a turning program for the prevention of pressure sores;

   b. failing to provide a proper mattress, bedding, protective devices, and positioning devices;

   c. failing to turn and position Ms. Gonzalez timely and appropriately to prevent pressure sores;

   d. failing to properly recognize the development and deterioration of pressure sores on Ms. Gonzalez and failing to obtain treatment to prevent the worsening of such pressure sores;

   e. failing to adequately clean Ms. Gonzalez to prevent skin breakdown due to continual contact with feces and urine;

   f. failing to properly supervise Ms. Gonzalez;

   g. failing to provide adequate and appropriate protective and support services to Ms. Gonzalez;

   h. failing to develop, implement, and update adequate and appropriate resident care plans to meet the custodial needs of Ms. Gonzalez;

   i. failing to maintain certain records;

   j. failing to appropriately monitor Ms. Gonzalez and recognize significant signs and symptoms of change in her health condition;

   k. failing to properly notify Ms. Gonzalez's family and physicians of significant changes in her health;

   l. failing to protect Ms. Gonzalez from foreseeable harm;

    m. failing to properly supervise staff;

    n. failing to properly train staff;

    o. improper retention of staff;

    p. inadequate staffing;

    q. failing to protect Ms. Gonzalez's dignity;

    r. failing to protect Ms. Gonzalez's privacy;

    s. failing to follow physician orders;

    t. failing to properly "chart on the resident" pursuant to Fla. Stat. § 400, F.A.C. 59-A; and 42 C.F.R. 483; and,

    u. failing to timely transfer Ms. Gonzalez to the hospital

(*Id*. at ¶ 19). Plaintiff alleges that the foregoing acts and omissions caused Ms. Gonzalez to develop and suffer respiratory failure, wounds, infections, malnutrition, and weight loss, and ultimately led to her death. (*Id*. at ¶¶ 9, 20).

Defendant removed the action to this Court in April 2021. (ECF No. 1). The parties are not of diverse citizenship and, as mentioned above, Plaintiff's only cause of action is based upon Florida statutory law. Nevertheless, Defendant contends that federal question jurisdiction exists because the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d 6d, 247d-6e, (the "PREP Act"), which the Secretary of Health & Human Services invoked in connection with the COVID-19 pandemic, completely preempts Plaintiff's claims. (*Id*., *generally*).

The PREP Act provides immunity to a "covered person" for any loss "caused by, arising out of, relating to, or resulting from" the administration or use of a "covered countermeasure" during a declared health emergency. 42 U.S.C. § 247d-6d(a)(1). In its

3

Notice of Removal, Defendant asserts that the Complaint is "artfully crafted to avoid pleading that [Ms. Gonzalez's] actual infection and respiratory failure were caused by the Covid-19 pandemic virus, and the referenced actions and inactions of Defendant were in fact countermeasures to prevent or mitigate the spread of COVID-19." (ECF No. 1 at ¶ 12).

In her Motion to Remand, Plaintiff argues that her allegations do not fall within the scope of the PREP Act because they are not causally connected to the administration or use of covered countermeasures. (ECF No. 7 at 10-18). For the reasons explained below, even when the Court assumes that Ms. Gonzalez's death was caused by COVID-19, the PREP Act is inapplicable because the alleged actions and inaction of Defendant do not constitute covered countermeasures within the meaning of the Act. This being so, the Court need not address whether the PREP Act, if applicable, would completely preempt Plaintiff's claims.[1]

## II. ANALYSIS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute..." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted). For this reason, "[a] suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Securities, Inc.,* 813 F.2d 1368, 1371 (9th Cir.1987) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1,

---

[1] I do note that the only Circuit Court of Appeals to have addressed the issue held that the PREP Act does not completely preempt state law negligence claims. *Maglioli v. Alliance HC Holdings, LLC*, No. 20-2833, 20-2834, 2021 WL 4890189 at *12 (8th Cir. Oct. 20, 2021).

10, (1983)). Defendant, as the moving party, bears the burden of establishing that the Court has subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936).

The parties are not of diverse citizenship. Accordingly, Defendant relies upon federal question jurisdiction pursuant to 28 U.S.C. § 1331, which confers subject matter jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." The Supreme Court instructs that "[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). The Complaint here alleges a single claim based upon Florida statute, and thus, it does not give rise to federal question jurisdiction under the well-pleaded complaint rule.

There is however, a "corollary of the well-pleaded complaint rule": the doctrine of complete preemption. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). It is distinct from the doctrine of ordinary preemption, which "allows a defendant to defeat a plaintiff's state-law claim on the merits by asserting the supremacy of federal law as an affirmative defense." *Community State Bank v. Strong*, 651 F.3d 1241, 1260 n.16 (11th Cir. 2011). Ordinary preemption does not permit removal because "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Complete preemption, by contrast, is a "narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims." *Geddes v. American Airlines, Inc.*, 321 F.3d 1349, 1353 (11th Cir. 2003). It arises when a federal statute has "extraordinary preemptive force" which "must be manifest in the clearly expressed intent of Congress" such that "it transforms the state claim into one arising under federal law, thus creating the federal questions jurisdiction requisite to removal to federal courts." *Id*. at 1353. Complete preemption is rarely applied. *See Maglioli*, 2021 WL 4890189 at *7 ("The Supreme Court has recognized only three completely preemptive statutes … ERISA … LMRA and the National Bank Act."). Defendant argues that the PREP Act should also be considered a completely preemptive statute.

    A.    <u>PREP Act</u>

The PREP Act entitles the Secretary of Health & Human Services ("Secretary") to declare that a disease or disorder presents a public health emergency, and to publish a declaration of that emergency in the Federal Register. 42 U.S.C. §§ 247d(a), § 247d-6d(b)(1). The Secretary issued such a declaration for the COVID-19 pandemic. 85 Fed. Reg. 15,198 (Mar. 17, 2020). The Secretary's declaration triggered the immunity protections of PREP, which provide in pertinent part that:

> a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss *caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure* if a declaration under subsection (b) has been issued with respect to such countermeasure.

42 U.S.C. § 247d-6d(a)(1) (emphasis added). The parties do not address whether Defendant is a "covered person" and, thus, the Court assumes this to be true for purposes of its analysis.

The PREP Act defines a covered countermeasure as a "qualified pandemic or epidemic product"; "security countermeasure"; "drug…biological product…or device…that is authorized for emergency use in accordance with section 564, 564A, or 564B of the Federal Food, Drug, and Cosmetic Act"; or "a respiratory protective device that is approved by the National Institute for Occupational Safety and Health… and that the Secretary determines to be a priority for use during a public health emergency declared under section 247d of this title." *Id.* at § 247d-6d(i)(1). A "qualified pandemic or epidemic product" is defined as a drug, biological product, or device that can, among other things, "diagnose, mitigate, prevent, treat, or cure a pandemic or epidemic." *Id.* at § 247d-6d(i)(7). The Secretary's Fourth Amendment to the Declaration of the COVID-19 public health emergency (the "Fourth Amendment") expands the definition of a covered countermeasure to include "[a]ny antiviral, any drug, any biologic, any diagnostic, any other device, any respiratory protective device, or any vaccine manufactured, used, designed, developed, modified, licensed, or procured" for the diagnosis, prevention, or treatment of COVID-19. Fourth Amended Declaration, 85 Fed. Reg. at 79,196 (Dec. 9, 2020). In short, "covered countermeasures" include certain types of drugs, products, and devices.

The PREP Act uses the phrase "administration of a covered countermeasure," but does not define it. The Secretary's Declaration, however, provides guidance. It defines "Administration of a Covered Countermeasure" as:

7

> *physical provision* of the countermeasures to recipients, or activities and decisions directly relating to public and private delivery, distribution and dispensing of the countermeasures to recipients, management and operation of countermeasure programs, or management and operation of locations for purpose of distributing and dispensing countermeasures.

*Id*. at 15,200 (emphasis added). The Secretary later clarified that "administration of a covered countermeasure" may include the failure to act. Specifically, in the Fourth Amendment, the Secretary opined that "[w]here there are limited Covered Countermeasures, not administering a Covered Countermeasure to one individual in order to administer it to another individual can constitute 'relating to . . . the administration to … an individual' under 42 U.S.C. 247d-6d." 85 Fed. Reg. at 79,197. The Secretary provided this example:

> Consider a situation where there is only one dose of a COVID-19 vaccine, and a person in a vulnerable population and a person in a less vulnerable population both request it from a healthcare professional. In that situation, the healthcare professional administers the one dose to the person who is more vulnerable to COVID-19. In that circumstance, the failure to administer the COVID-19 vaccine to the person in a less-vulnerable population "relat[es] to . . . the administration to" the person in a vulnerable population. The person in the vulnerable population was able to receive the vaccine only because it was not administered to the person in the less-vulnerable population. Prioritization or purposeful allocation of a Covered Countermeasure, particularly if done in accordance with a public health authority's directive, can fall within the PREP Act and this Declaration's liability protections.

*Id*.

Plaintiff's Motion presents two issues: does the PREP Act: (1) create complete preemption, and (2) apply to the allegations of misconduct described in the Complaint. As another district court observed, "[i]mportantly, and perhaps obviously, the claims at issue

8

must fall within the scope of the relevant federal statute for complete preemption to apply. Accordingly, to avoid remand, Defendants must first show that Plaintiffs' allegations fall within the scope of the PREP Act." *Rodina v. Big Blue Healthcare, Inc.*, No. 2:20-cv-2319, 2020 WL 4815102, at *3 (D. Kan. Aug. 19, 2020); *see also Thomas v. Century Villa, Inc.*, No. 2:21-cv-03013, 2021 WL 2400970, at *4 (C.D. Cal. June 10, 2021) ("Plaintiff's claims do not fall under the PREP Act, thus making it irrelevant whether the PREP Act is a complete preemption statute."). The Court follows this approach and first considers whether the PREP Act covers the claims alleged in the Complaint.

    B.    <u>The PREP Act is Inapplicable to Plaintiff's Claims</u>

The Complaint identifies a host of actions, listed above, that Defendant allegedly failed to take which, according to Plaintiff, resulted in Ms. Gonzalez's illness and death. To sum it up, Plaintiff alleges that Defendant failed to properly (i) monitor and supervise Ms. Gonzalez, (ii) train, supervise and retain staff, (iii) develop and implement appropriate resident care plans, and (iv) notify Ms. Gonzalez's family and physicians of significant changes in her health. (ECF No. 1-1 at ¶ 19).

Notably absent are any allegations that Defendant improperly administered or used any drugs, devices, or biological products in connection with Ms. Gonzalez's care. Plaintiff does allege that Defendant failed to provide "protective devices and positioning devices" for Ms. Gonzalez, (ECF No. 1-1 at ¶ 19(b)), but this allegation does not constitute a covered countermeasure because the devices are not used to, among other things, "diagnose, mitigate, prevent, treat, or cure" COVID-19. 42 U.S.C. § 247d-6d(i)(7). Simply stated,

9

Plaintiff does not allege that Ms. Gonzalez's illness and death were causally connected to a "covered countermeasure" within the meaning of the PREP Act.

Numerous other courts have found that similar allegations are not covered countermeasures. *See, e.g., Gunter v. CCRC OPCO-Freedom Square, LLC*, No. 8:20-cv-1546, 2020 WL 8461513, at *3 (M.D. Fla. Oct. 29, 2020) (allegations that defendant failed to "properly staff the Facility," "effectively communicate with residents and families," and "provide necessary medical supplies to staff", among other things, "have nothing to do with the administration of a qualified pandemic or epidemic product, drug, biological product, or device for which the PREP Act provides immunity."); *Gibbs ex rel. Velasquez v. Southeast SNF LLC,* No. 20-CV-01333, 2021 WL 1186626, at *3 (W.D. Tex. Mar. 30, 2021) ("[f]ailures to maintain hygiene, adequate staffing levels, or follow facility policy are not covered countermeasures."); *Dupervil v. Alliance Health Operations, LCC,* 516 F.Supp.3d 238, 256 (E.D.N.Y. Feb. 2, 2021), *appeal filed*, No. 21-505 (2nd Cir. Mar. 3, 2021) (noting the "consensus among district courts" that state law claims of negligence brought against a nursing home for failure to protect against the spread of COVID-19 "are not properly characterized as federal-law claims under the PREP Act," and concluding that PREP Act inapplicable because allegations defendant failed to cancel group activities, restrict visitors, enforce social distancing and mask wearing, and ensure adequate staffing levels "do not involve administering … 'covered countermeasures'…"); *Schleider v. GVDB Operations, LLC*, No. 21-80664-cv, 2021 WL 2143910, at *2, 3 (S.D. Fla. May 20, 2021) (allegations that decedent contracted COVID-19 because defendant "[f]ailed to provide or require personal protective equipment," "[f]ailed to put in place adequate protection

measures in the face of a global pandemic…" and "[w]ithheld information from its own workforce, residents [and] family members…" are "not within the scope of the PREP Act."); *Smith v. Colonial Care Ctr., Inc.,* No. 2:21-cv-00494, 2021 WL 1087284, at *4 (C.D. Cal. Mar. 19, 2021), *appeal filed*, No. 21-55377 (9th Cir. Apr. 19, 2021) (allegations that defendant failed to "implement an effective policy for isolating proven or suspected carriers of the coronavirus, and protecting its residents from exposure to COVID-19" do not relate to the use or administration of covered countermeasures).

Defendant makes two arguments in support of its position that Plaintiff's allegations constitute covered countermeasures. First, Defendant asserts that Plaintiff's "broad pleadings generally encapsulate numerous Covid-19 countermeasures." (ECF No. 12 at 14). In support, Defendant characterizes its alleged failures, such as providing adequate supervision or adequate protective and support services, as "eerily similar" to countermeasures it implemented in response to COVID-19, such as vital monitoring and symptom screenings, or required use of face masks and other protective equipment. (*Id.*). In other words, Defendant would have this Court read facts into the Complaint that are not alleged. "To the extent Defendants want to argue that the PREP Act applies, they must do so based on the complaint as it is – not as Defendants would prefer it to be." *Rodina*, 2020 WL 4815102 at *6. The bottom line is that Plaintiff does not claim that Defendant improperly administered drugs, products, devices, or vaccines and, thus, Plaintiff has not alleged a covered countermeasure.

Second, Defendant argues that claims of inaction can constitute a covered countermeasure. (ECF No. 12 at 8-10). Defendant's assertion is correct in a narrow

circumstance not present here. The Fourth Amendment indicates that a failure to take action may fall within the scope of the PREP Act, but only where (1) there are limited covered countermeasures and (2) the healthcare professional failed to administer a covered countermeasure to one individual because he/she administered the covered countermeasure to another individual. 85 Fed. Reg. at 79,197.

As discussed above, Defendant has not shown that Plaintiff alleges a covered countermeasure, much less that the covered countermeasure was in limited supply. But even if Plaintiff had alleged a covered countermeasure in limited supply, Plaintiff does not claim that Defendant failed to give Ms. Gonzalez the limited covered countermeasure in order to administer it to another resident. "[Plaintiff's] allegations accusing [Defendant] of inaction – versus prioritization or purposeful allocation of countermeasures – are not within the scope of the PREP Act. Federal district courts across the country have nearly unanimously so held since the start of the pandemic." *Evans v. Melbourne Terrace RCC, LLC*, No. 6:21-cv-381, 2021 WL 1687173, at \*2 (M.D. Fla. April 29, 2021) (citations omitted); *see also Lyons v. Cucumber Holdings, LLC,* 520 F.Supp.3d 1277, 1286 (C.D. Cal. Feb. 3, 2021) ("[E]ven assuming that Plaintiff's allegations could be construed as alleging the administration of covered countermeasures, she does not allege that Decedent's death resulted from Defendants' decisions to administer those covered countermeasures to other individuals.").[2]

---

[2] Defendant relies heavily upon *Garcia v. Welltower OpCo Group LLC*, 522 F.Supp.3d 734 (C.D. Cal. 2021). The Court does not find *Garcia* persuasive. It is distinguishable in material respects, including allegations of use and misuse of personal protective equipment ("PPE"), which are not present in the Complaint here.

For the foregoing reasons, the Court concludes that Plaintiff's claims do not fall within the scope of the PREP Act.

## III. CONCLUSION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Plaintiffs' Motion to Remand, (ECF No. 7).

## IV. OBJECTIONS

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 26th day of October 2021.

*[signature]*
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
    Counsel of Record